Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| Eliezer Santana Báez | | REVISIÓN ADMINISTRATIVA procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| **Recurrente** | | |
| Vs. | TA2025RA00366 | Querella Núm. B-420-25 |
| Departamento de Corrección y Rehabilitación | | SOBRE: Cannabis Medicinal |
| **Recurrido** | | |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

El 12 de noviembre de 2025, el Sr. Eliezer Santana Báez (señor Santana o recurrente), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis*, mediante una *Petición de Revisión Judicial* y solicitó la revisión de una *Resolución* que se dictó el 2 de octubre de 2025 y se notificó el 5 de noviembre de 2025 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (la División de Remedios). Mediante el aludido dictamen, la División de Remedios confirmó y amplió la respuesta recibida por el Dr. Israel Nieves Rodríguez (doctor Nieves), director Clínico del Centro Médico Correccional. Particularmente, expresó que el uso y consumo de cannabis medicinal no estaba permitido en las instituciones correccionales y tampoco era parte del formulario de medicamentos de la compañía que suministraba los servicios de salud al Departamento de Corrección y Rehabilitación (DCR).

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra

consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 8 de agosto de 2025, el señor Santana presentó una *Solicitud de Remedios Administrativos*.[1] En esta, expresó que, el 1 de agosto de 2024, se encontraba en el Centro Médico Correccional y solicitó cannabis medicinal, pero que el doctor se negó a proveérselo. Indicó que, el no proveerle el cannabis medicinal le limitaba su tratamiento. Así las cosas, el 18 de agosto de 2025, el doctor Nieves emitió una *Respuesta del Área Concernida* que se le notificó al señor Santana el 22 de agosto de 2025.[2] En esta, indicó lo siguiente: "Actualmente tenemos diversas alternativas de tratamiento para el manejo del dolor. No obstante, en nuestro formulario de medicamentos no contamos con el Cannabis Medicinal como alternativa. Nuestro objetivo es brindar servicios de la más alta calidad en beneficio de todos nuestros pacientes".

Inconforme con esta respuesta, el 29 de agosto de 2025, el recurrente presentó una *Solicitud de Reconsideración*.[3] En síntesis, sostuvo que un funcionario médico no le podía limitar su tratamiento por razón de que no contaba con un producto. Evaluada la referida solicitud, el 12 de septiembre de 2025, la División de Remedios emitió una *Respuesta a Reconsideración* acogiendo dicha solicitud.[4] Así pues, el 2 de octubre de 2025, la División de Remedios emitió una *Resolución* que se notificó el 5 de noviembre de 2025.[5]

---

[1] *Véase*, pág. 1 del apéndice del recurso, SUMAC TA.
[2] *Véase*, pág. 3 del apéndice del recurso, SUMAC TA.
[3] *Véase*, pág. 4 del apéndice del recurso, SUMAC TA.
[4] *Véase*, pág. 5 del apéndice del recurso, SUMAC TA.
[5] *Véase*, págs. 7 y 8 del apéndice del recurso, SUMAC TA.

Allí confirmó y amplió la respuesta recibida por el doctor Nieves y expresó que el uso y consumo de cannabis medicinal no estaba permitido en las instituciones correccionales y tampoco era parte del formulario de medicamentos de la compañía que suministraba los servicios de salud al DCR.

Aún en desacuerdo, el 12 de noviembre de 2025, el señor Santana presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró la recurrida al sostener una política corporativa que impide el uso de cannabis por este lugar ser una cárcel, cuando la legislación que despenalizó su uso, lo hizo para permitir su uso para ser usado en asuntos médicos, al ser lo mío un asunto médico, nada impide su utilización para tratarme.**

## II.

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio*

*Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

III.

En el recurso de epígrafe, el recurrente impugna la determinación de la División de Remedios del DCR de no permitirle utilizar cannabis medicinal para su tratamiento médico por ser un producto que no es permitido en las instituciones correccionales y que tampoco es parte del formulario de medicamentos de la compañía que suministra los servicios de salud al DCR.

Luego de evaluar el expediente ante nuestra consideración y el derecho aplicable, resolvemos que no procede revocar el dictamen recurrido. Conforme a la normativa jurisprudencial vigente, las decisiones emitidas por las agencias administrativas gozan de una presunción de legalidad y corrección. *Rolón Martínez v. Supte. Policía*, supra, pág. 35. Esta presunción responde a la experiencia y pericia que se entiende poseen dichos organismos para atender y

resolver los asuntos que les han sido delegados. *Vázquez v. Consejo de Titulares*, supra.

De igual forma, el estado de derecho nos exige deferencia hacia la determinación administrativa, salvo que la parte que la impugna presente evidencia suficiente para rebatir la referida presunción. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, supra. Por consiguiente, en el ejercicio de nuestra función revisora, debemos limitarnos a determinar si la agencia: (1) erró en la aplicación de la ley; (2) actuó de forma arbitraria, irrazonable o ilegal; o (3) lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, supra, págs. 627-628.

Así las cosas, al no advertir en el dictamen recurrido ninguna de las circunstancias que justificarían la intervención judicial —esto es, error manifiesto, actuación arbitraria, irrazonable o ilegal, o violación de derechos constitucionales— estamos obligados a validar la determinación administrativa.

IV.

Por los fundamentos antes expuestos, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.　Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones